The Chancellor.
The answer of Sherman has not been overcome. And there is no proof that Sherman was indebted to Watkins; or that Watkins, either before or since the writing purporting to bo a mortgage came into his possession, paid any of his endorsements for Sherman, or paid money for him in any other way.
Watkins could not have foreclosed the mortgage, (it purporting to secure a bond,) without producing the bond, unless he could show that he was entitled to the possession of the bond. No reason or consideration has been shown why the bond should have been delivered to Watkins.
Eadie, who took from Watkins an assignment of the mortgage, admits that he advanced no money on the faith of it.
If the assignment by Eadie to Garroch, the complainant, could put Garroch in any better position than Watkins or Eadie occupied ; and if, from the testimony, I could feel well assured that the assignment to Garroch was a bona fide transaction$ yet, the fact that the mortgage showed, on its face, that it was intended to secure a bond was sufficient to put him. on inquiry in reference to the bond; and he, therefore, took the mortgage subject to every defence that could be made against it as between Sherman and Watkins.
The bill will be dismissed.
Order accordingly.